19 CV 9338 (AT) (SLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

                                        Plaintiff,

-against-

THE CITY OF NEW YORK, CAPTAIN HENRY, DEPUTY CARTER, and WARDEN WALKER,

                                        Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 10(A)**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street – Room 2-305*
*New York, NY  10007*

*Of Counsel:  Sherry N. Glover*
*Tel:  (212) 356-0896*
*Matter #: 2019-087239*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 1

ARGUMENT

        PLAINTIFF'S USE OF A PSEUDONYM WITHOUT PRIOR COURT APPROVAL VIOLATES FED. R. CIV. P. 10(A) ........................................................... 2

CONCLUSION ................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**      **Pages**

*Doe v. Del Rio*,
    241 F.R.D. 154 (S.D.N.Y. 2006) ..................................................................................................2

*Jaufman v. Levine*,
    No. 06 CV 1295 (NAM) (DHR), 2007 U.S. Dist. LEXIS 72883
    (N.D.N.Y. Sept. 28, 2007) ............................................................................................................4

*Michael v. Bloomberg L.P.*,
    No. 14 CV 2657 (TPG), 2007 U.S. Dist. LEXIS 16683
    (S.D.N.Y. Feb. 11, 2015) .............................................................................................................4

*Sealed Plaintiff v. Sealed Defendant*,
    537 F.3d 185 (2d Cir. 2008)..................................................................................................2, 3

*Touchstone Research Grp. LLC v. United States*,
    No. 18 CV 3451 (OTW), 2019 U.S. Dist. LEXIS 12203
    (S.D.N.Y. Oct. 3, 2019) ...............................................................................................................4

**Statutes**

42 U.S.C. § 1983............................................................................................................................1

Fed. R. Civ. P. 10(a) ...........................................................................................................1, 2, 3, 4

**PRELIMINARY STATEMENT**

Plaintiff *pro se* – who proceeds under the pseudonym of "John Doe" – brings this action under 42 U.S.C. § 1983 against the City of New York, Deputy Warden Sharlisa Walker (Shield No. 602)[1], Assistant Deputy Warden Tyrone Carter (Shield No. 94)[2], and Captain Terry Henry (Shield No. 740)[3].  Plaintiff alleges that for seven days, from July 24, 2019 through August 1, 2019, the New York City Department of Correction held him in the George R. Vierno Center (hereinafter "GRVC") intake area.  During this period, Plaintiff alleges that he was denied bedding, religious meals, showers, hygienic products, telephone usage, recreational activities, and access to the law library.  Plaintiff alleges that Defendants thereby violated his constitutional rights.

Plaintiff's Complaint should be dismissed for failure to comply with Rule 10(a) of the Federal Rules of Civil Procedure.  Plaintiff has not obtained leave of Court to litigate anonymously and, as such, his use of "John Doe" in the Complaint is improper.

**STATEMENT OF FACTS**

Plaintiff's *pro se* Complaint (Dkt. No. 1) alleges that during his time as a detainee at the GRVC, Defendants violated his constitutional rights. (Compl. at II(D).)  Plaintiff's claims stem from a seven-day period – July 24, 2019 through August 1, 2019 – in which he was allegedly held in the intake area and "deprived of all [] minimum standards." (*Id.*)  During this period, Defendants allegedly denied Plaintiff bedding, "matzo crackers and kosher meal[s]", showers, hygienic products, telephone usage, recreational activities, and access to the law

---

[1] Sued herein as "Warden Walker."

[2] Sued herein as "Deputy Carter."

[3] Sued herein as "Captain Henry."

library. (*Id.*)  Plaintiff alleges that he complained to the GRVC intake staff and filed subsequent grievances, but was ignored. (Compl. at II(D), IV(E).)  According to the Complaint, Plaintiff allegedly developed a mouth sore and hemorrhoids from prolonged sitting, though he acknowledges that there is "no proof" of such injuries. (Compl. at III.)  Plaintiff further alleges that he suffered emotional distress and that he was unable to prepare a defense in his criminal case. (Compl. at V.)  As a result of the injuries sustained, Plaintiff seeks injunctive relief and compensatory damages.[4] (*Id.*)

## ARGUMENT

### PLAINTIFF'S USE OF A PSEUDONYM WITHOUT PRIOR COURT APPROVAL VIOLATES FED. R. CIV. P. 10(A)

Plaintiff filed this action under a pseudonym without the Court's approval.  As such, the Complaint should be dismissed for failure to comply with Rule 10(a) of the Federal Rules of Civil Procedure, which requires that a complaint "name all the parties."  "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008) (internal quotations omitted); *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (the use of pseudonyms "runs afoul of the public's common law right of access to judicial proceedings," a First Amendment right).

Plaintiff may only use a pseudonym if he first obtains leave of Court.  In special circumstances, a district court *may* allow a plaintiff to proceed anonymously.  In *Sealed Plaintiff*, the Second Circuit established the standard that governs the use of pseudonyms in civil litigation.

---

[4] According to records maintained by DOC, Plaintiff was in fact assigned to a housing area during the relevant dates and Plaintiff did not indicate any religious categorizations on his intake form.

2

537 F.3d at 189. In determining whether a plaintiff may litigate an action anonymously, the district court must weigh the plaintiff's interest in anonymity against both the public interest in disclosure and any prejudice to the defendant. *Id.* This balancing test requires consideration of ten "non-exhaustive" factors:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-90 (citations and internal quotations marks omitted).

Here, Plaintiff has not obtained leave of Court to use the pseudonym "John Doe." According to New York Supreme Criminal Court records, Plaintiff's true and accurate name is Marcel Brannum, and this name should be reflected in Plaintiff's pleadings. Plaintiff does not allege in his Complaint any of the factors that might justify anonymous litigation or otherwise explain the name substitution. Additionally, despite notice of Defendants' intent to move to dismiss this action based on Plaintiff failure to comply with Fed. R. Civ. P. 10(a) over four

3

months ago, Plaintiff has not amended his Complaint or retroactively sought the Court's permission to proceed anonymously.[5]

Courts have routinely held that dismissal is appropriate where, as here, a plaintiff fails to comply with Fed. R. Civ. P. 10(a). *See, e.g., Touchstone Research Grp. LLC v. United States*, No. 18 CV 3451 (OTW), 2019 U.S. Dist. LEXIS 172203, at *10-11 n.6 (S.D.N.Y. Oct. 3, 2019) (a violation of Fed. R. Civ. P. 10(a) functions as a ground for dismissal when no application has been made for plaintiffs to proceed under a pseudonym); *Michael v. Bloomberg L.P.*, No. 14 CV 2657 (TPG), 2007 U.S. Dist. LEXIS 16683, at *9-10 (S.D.N.Y. Feb. 11, 2015) (the complaint will be dismissed if Plaintiff fails to amend the complaint to identify himself by name); *Jaufman v. Levine*, No. 06 CV 1295 (NAM) (DHR), 2007 U.S. Dist. LEXIS 72883, at *13 (N.D.N.Y. Sept. 28, 2007) (granting in part Defendant's motion to dismiss because "[t]he amended complaint filed on behalf of the John Doe(s) plaintiff(s) does not comply with Rule 10(a)"). Since Plaintiff litigates this action under "John Doe" without the Court's approval, the Complaint violates Fed. R. Civ. P. 10(a) and should be dismissed.

---

[5] On March 13, 2020, Defendants filed a pre-motion letter to dismiss the Complaint based on Plaintiff's failure to comply with Fed. R. Civ. P. 10(a). (*See* Dkt. No. 16) On that same date, a copy of the letter and copies of the unreported cases cited therein were mailed to Plaintiff via first class mail.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Complaint be dismissed and that Defendants be awarded such other and further relief as the Court deems just and proper.

Dated:   New York, New York
July 20, 2020

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-305
New York, NY 10007
t: (212) 356-0896
e: shglove@law.nyc.gov

By:   /s/ SNG
**SHERRY N. GLOVER**
Assistant Corporation Counsel

**CC:**   **BY FIRST CLASS MAIL**
John Doe
Plaintiff, *pro se*
NYSID: 144-32-047N
B&C: 3491807203
George R. Vierno Center
09-09 Hazen Street
East Elmhurst, NY 11370

5