```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
JOHN DOE,

                        Plaintiff,

        -against-

City of New York, et al.,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/15/2021_

19 Civ. 9338 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff *pro se*, an inmate at the George R. Vierno Center ("GRVC") at Rikers Island, brings suit against Defendants, the City of New York (the "City"), Captain Henry, Deputy Carter, and Warden Walker, under 42 U.S.C. § 1983 alleging violations of his constitutional rights. Compl. at 2, ECF No. 1. Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 10. Def Mot., ECF No. 20. For the reasons stated below, Defendants' motion is GRANTED without prejudice.

## BACKGROUND

      The following facts are taken from the complaint and accepted as true for the purposes of this motion. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

      Plaintiff alleges that for approximately seven days, between July 24, 2019 and August 1, 2019, he was held in the intake area of the GRVC. Compl. at 2–3. During that time period, he was deprived of basic necessities, such as bedding, showers, hygienic products, recreation, and access to a telephone, the law library, and certain religious foods. *Id*. at 3. He alleges that he asked the intake staff for help, but his requests were ignored. *Id*. He states that the pantry workers were told by Defendant Henry not to feed him. *Id*. He developed hemorrhoids from sitting for such a long time, and developed a mouth sore because he could not brush his teeth. *Id*.

      Plaintiff commenced this action on September 27, 2019. Compl. at 7. On June 22, 2020, the Court set a briefing schedule for Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 10, which provided that Defendants would file their motion to dismiss by July 20, 2020, Plaintiff would file his opposition papers by August 17, 2020, and Defendants would reply by August 31, 2020. ECF No. 18. On July 20, 2020, Defendants filed their motion to dismiss. Def Mot. at 1. Plaintiff did not oppose the motion. In light of Plaintiff's protracted failure to respond to Defendants' motion to dismiss and to comply with the Court's scheduling order, the Court issued an order directing Plaintiff to file a letter showing cause why this action should not be dismissed for failure to prosecute. ECF No. 23. Plaintiff did not respond to the Court's order.[1]

---

[1] The Court notes that because of Plaintiff's failure to comply with the Court's scheduling order, ECF No. 18, and

**DISCUSSION**

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 10(a), which requires the complaint to "name all the parties." Fed. R. Civ. P. 10. "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008) (citation and internal quotation marks omitted). The use of pseudonyms "runs afoul of the public's common law right of access to judicial proceedings, a right that is supported by the First Amendment." *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (citations and internal quotation marks omitted). Courts have "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Sealed Plaintiff,* 537 F.3d at 189 (alteration in original) (citation and internal quotation marks omitted).

"The central inquiry in determining whether a plaintiff may proceed pseudonymously is a balancing of a 'plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant.'" *Michael v. Bloomberg L.P.,* No. 14 Civ. 2657, 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015) (quoting *Sealed Plaintiff,* 537 F.3d at 189). The Second Circuit has identified the following non-exhaustive list of factors for district courts to consider in balancing those interests:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identify; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the

---

his failure to respond to the Court's order to show cause, which noted that the case would be dismissed if Plaintiff failed to respond, ECF No. 23, the Court would be justified in dismissing this action *sua sponte* for failure to prosecute at this juncture. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."). However, the Court recognizes that a plaintiff is not required to oppose a motion to dismiss under Rule 12(b)(6) because "a motion to dismiss [for failure to state a claim] tests only the legal sufficiency of the plaintiff's complaint . . . [and] the court can . . . determine the complaint's sufficiency as a matter of law based on its own reading of the complaint and knowledge of the case law." *Goodson v. Wright*, No. 11 Civ. 541, 2012 WL 3686222, at *2 n.4 (S.D.N.Y. May 23, 2012) (citing *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000). By contrast, the Court finds no caselaw in this Circuit addressing whether a plaintiff is obligated to oppose a motion to dismiss premised on plaintiff's failure to comply with Federal Rule of Civil Procedure 10. Nonetheless, "when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). The Second Circuit has stated that, "[t]his obligation entails, at the very least, a permissive application of the rules governing the form of pleadings." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). "This is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated." *Id*. (citing *McEachin*, 357 F.3d at 200). Accordingly, the Court will assess the merits of Plaintiff's claim to anonymity, despite Plaintiff's failure to file any opposition papers to this motion. *Id*. at 189.

litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (alterations in original) (internal quotation marks and citations omitted).

Plaintiff did not obtain leave from the Court to proceed under the pseudonym of John Doe. Upon review of the complaint, the Court has balanced Plaintiff's possible interest in anonymity against the potential prejudice to defendants and the public's interest in disclosure, and finds that the use of a pseudonym is not warranted. This case does not appear to implicate matters involving highly sensitive or personal information. *Michael*, 2015 WL 585592, at *4 (noting that proceeding under a pseudonym is warranted in matters involving "sexual orientation, pregnancy, or minor children"). Although this case does involve a suit against a government entity, this factor alone is not dispositive. *Plaintiffs # 1–21 v. County of Suffolk*, 138 F. Supp. 3d 264, 275 (E.D.N.Y. 2015) ("[T]he fact that a group of plaintiffs is suing the government or seeking to challenge a government policy does not, by itself, justify" proceeding under a pseudonym). Moreover, Plaintiff's identity has not been kept confidential thus far, and Plaintiff provided other identifying information, such as his inmate number, in his complaint. *See* Compl. at 7. And, "the individual [d]efendants in this action also have a right to know who is making these accusations against them, as does the public." *Plaintiffs # 1–21*, 138 F. Supp. 3d at 275. The other *Sealed Plaintiff* factors are similarly unavailing. Accordingly, Plaintiff has not "rebutted the presumption of disclosure," *Rives v. SUNY Downstate College of Medicine*, No. 20 Civ. 621, 2020 WL 4481641, at *3 (E.D.N.Y. Aug. 4, 2020) (alterations, internal quotation marks, and citation omitted), and dismissal of the complaint is appropriate, *Sealed Plaintiff*, 537 F.3d at 188–89.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint is GRANTED without prejudice. By **April 5, 2021**, Plaintiff may file an amended complaint naming all parties in accordance with Federal Rule of Civil Procedure 10(a). Plaintiff's failure to file an amended complaint will result in dismissal of this action.

The Clerk of Court is directed to terminate the motions at ECF No. 22 and mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: March 15, 2021
       New York, New York

ANALISA TORRES
United States District Judge

3